UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMBRONNE, INC., et al., | Case No.  5:25-cv-10897-PCP |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTIONS TO SEVER** |
| ANTHROPIC PBC, et al., | Re: Dkt. Nos. 94, 106, 112, 114, 161, 164 |
| Defendants. | |

Plaintiffs Cambronne, Inc., Lisa Barretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin, proceeding in their individual capacities, bring this action against Anthropic PBC, Google LLC, xAI Corporation, Perplexity AI, Inc., Apple Inc., and NVIDIA Corporation.[1] They allege that each defendant other than Perplexity downloaded plaintiffs' copyrighted works without permission, then used those copies to build and train their large language models ("LLMs"). Perplexity is alleged to have built an artificial intelligence search system that "rel[ies] on the unauthorized use of copyrighted works to optimize its product through its retrieval-augmented generation or 'RAG' process." The defendants now move to sever plaintiffs' lawsuit into five separate actions, each against just one defendant. For the reasons discussed herein, their motions are granted.

**LEGAL STANDARD**

Multiple defendants may be joined in one action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) the action raises "any

---

[1] Plaintiff Adams does not assert her claims against Anthropic.

question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *Pablo Sequen v. Kaiser*, 810 F. Supp. 3d 1076, 1081 (N.D. Cal. 2025). A plaintiff seeking joinder must meet both prongs of Rule 20(a).

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). But the Court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. Even if the requirements of Rule 20 are satisfied, the Court retains broad discretion to decide whether to permit joinder or instead grant severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000); *Coughlin v. Roger*s, 130 F.3d 1348, 1350 (9th Cir. 1997).

<div align="center">

**ANALYSIS**

</div>

"[T]he requirement of 'same transaction, occurrence, or series of transactions or occurrences' refers to the similarity in the factual background between" claims. *Jones v. CertifiedSafety, Inc.*, No. 17-cv-02229, 2019 WL 758308, at \*4 (N.D. Cal. Feb. 20, 2019) (citing *Coughlin*, 130 F.3d at 1350). This element may be met if a plaintiff can show that their claims "arise out of a systematic pattern of events." *Coughlin*, 130 F.3d at 1351. Plaintiffs, however, fail to allege a common transaction or occurrence linking their claims against the different defendant.

Plaintiffs allege that each defendant trained their LLMs on their copyrighted works.[2] It is well-established, however, that an allegation that multiple defendants infringed on the same copyright does not satisfy the occurrence and transaction requirement outlined by Rule 20(a). *Afifeh v. Ahmadabadi*, No. 2:22-cv-928, 2022 WL 1617115, at \*1 (C.D. Cal. Apr. 15, 2022) (collecting cases). And yet, that appears to be the only factual commonality between the defendants. Each defendant trained on a mixture of different data repositories at different times

<div style="margin-left:2em; font-size:90%">

[2] For the purposes of defendants' motion to sever, the Court assumes the truth of the facts alleged in plaintiffs' amended complaint. *Adobe Sys. Inc. v. Colorado Internet Servs., LLC*, No. C-13-4193 EMC, 2014 WL 1007627, at \*2 (N.D. Cal. Mar. 12, 2014).

</div>

United States District Court
Northern District of California

between 2020 and 2024.[3] Even accepting plaintiff's argument that there is a "reasonable inference" that each defendant used Anna's Archive to train their LLMs, that would not be enough for the Court to find a common transaction or occurrence. "Allegations that defendants used the same peer-to-peer network to infringe a plaintiff's copyrighted works [] have been held to be insufficient for joinder of multiple defendants under Rule 20." *IO Grp., Inc. v. Does 1-19*, No. C 10-03851 SI, 2010 WL 5071605, at *3 (N.D. Cal. Dec. 7, 2010) (collecting cases).

When facing copyright claims involving multiple defendants downloading the same work, courts sometimes look for allegations of a conspiracy tying the defendants together. *See, e.g.*, *Adobe Sys. Inc.* 2014 WL 1007627, at *3 ("[T]he fact that all Defendants here allegedly could have obtained the counterfeit or unauthorized copies of the Adobe products from the same or similar sources, without concerted action, does not satisfy the same transaction or occurrence test for purposes of Rule 20."); *IO Grp., Inc.*, 2010 WL 5071605, at *3 (noting that the complaint alleged that nineteen different defendants conspired with each other). Here, the defendants are in active competition with each other as they are business rivals seeking to corner the LLM market. There are no allegations of conspiracy that could justify joinder.

Finally, plaintiffs argue that their claims are rooted in a "systematic, industry-wide pattern of events" of "acquiring copyrighted works from private libraries," satisfying the transaction and occurrence requirement. But where courts have accepted joinders of claims rooted in the same industry-wide patterns, those claims have included additional and substantial factual overlap. *See, e.g.*, *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110 (C.D. Cal. 2015) (permitting joinder under a pattern-of-events theory where plaintiffs allege that defendants acted in concert with each other); *Pablo Sequen*, 810 F. Supp. 3d at 1083 (holding that plaintiffs sufficiently alleged a pattern-of-events theory where each claim was lodged against the same agency and the plaintiffs were held at the same detention center). No such allegations are present here.

United States District Court
Northern District of California

---

[3] This allegation gives rise to different defenses by different defendants, as some of their actions may fall outside the applicable three-year statute of limitations.

**CONCLUSION**

For the foregoing reasons, plaintiffs have not satisfied Fed. R. Civ. P. 20(a)(2). And even assuming Rule 20 were satisfied, the Court would exercise its discretion under Rule 21 to sever this lawsuit into separate actions. The motions to sever are therefore GRANTED. For the same reasons, plaintiffs' request for consolidation is denied. Plaintiffs fail to meet their burden demonstrating that convenience and judicial economy favor such a consolidation. F. R. Civ. P. 42(a)(2); *see Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *3 (N.D. Cal. Nov. 28, 2001). Defendants Google, xAI, Perplexity, Apple, and NVIDIA are SEVERED and DISMISSED from this case.[4]

**IT IS SO ORDERED.**

Dated: June 8, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

---

[4] Because Anthropic is the first-named defendant in plaintiffs' operative complaint, this matter will go forward against Anthropic alone.

4